**YAN PING LIN, Petitioner,**

v.

**Michael B. MUKASEY, U.S. Attorney General, Respondent.**

No. 08–0759–ag.

United States Court of Appeals, Second Circuit.

Aug. 28, 2008.

**380**

Gary J. Yerman, New York, NY, for petitioner.

Gregory G. Katsas, Acting Assistant Attorney General, John S. Hogan, Senior Litigation Counsel, Briena L. Strippoli, Trial Attorney, United States Department of Justice, Civil Division, Office of Immigration Litigation, Washington, D.C., for respondent.

PRESENT: Hon. JON O. NEWMAN, Hon. GUIDO CALABRESI, and Hon. REENA RAGGI, Circuit Judges.

### SUMMARY ORDER

Petitioner Yan Ping Lin, a native and citizen of the People's Republic of China, seeks review of the January 25, 2008 order of the BIA denying her motion to reopen. *In re Yan Ping Lin,* No. A73 643 165 (B.I.A. Jan. 25, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *See*

*Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir. 2005) (per curiam). "An abuse of discretion may be found ... where the [BIA's] decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements; that is to say, where the Board has acted in an arbitrary or capricious manner." *Ke Zhen Zhao v. United States Dep't of Justice,* 265 F.3d 83, 93 (2d Cir.2001) (internal citations omitted). In reviewing the BIA's denial of a motion to reopen, we remain mindful of the Supreme Court's admonition that motions to reopen are "disfavored." *See Maghradze v. Gonzales,* 462 F.3d 150, 154 (2d Cir.2006) (citing *INS v. Abudu,* 485 U.S. 94, 107, 108 S.Ct. 904, 99 L.Ed.2d 90 (1988)).

■ We find that the BIA did not abuse its discretion in denying Lin's motion to reopen. It is undisputed that Lin's motion was time and number barred. *See* 8 C.F.R. § 1003.2(c)(2). Moreover, we find no abuse of discretion in the BIA's conclusion that Lin failed to demonstrate that conditions in China have changed such that she met an exception to the time and numerical limitations. *See* 8 C.F.R. § 1003.2(c)(3)(ii). In contrast to the circumstances presented in *Shou Yung Guo v. Gonzales,* where the BIA ignored certain pieces of evidence, 463 F.3d 109, 115 (2d Cir.2006), the BIA explicitly considered all of the documents Lin submitted in support of her argument that conditions in China had changed. Those documents, however, merely established the birth of her children, not changed country conditions. *See Wei Guang Wang v. BIA,* 437 F.3d 270, 273–74 (2d Cir.2006).

■ Much of Lin's brief to this Court discusses the documents we examined in *Shou Yung Guo v. Gonzales,* 463 F.3d at 115. It is unclear whether Lin faults the BIA for failing to consider those docu-

ments or simply asks that we take judicial notice of them and remand on that basis. In either case, her argument is unavailing. Lin did not submit the *Guo* documents with her motion to reopen or offer an explanation as to why she could not have done so. Moreover, she did not request that the BIA take administrative notice of those documents. *See* 8 C.F.R. § 1003.1(d)(3)(iv) (providing that the BIA may take "administrative notice of commonly known facts such as current events or the contents of official documents"); *see also Chhetry v. U.S. Dep't of Justice*, 490 F.3d 196, 200 (2d Cir.2007). In such circumstances, we find no error in the BIA's decision not to take notice of extra-record evidence. Nor will we remand to the BIA on the basis of such evidence. *See* 8 U.S.C. § 1252(b)(4)(A); *Xiao Xing Ni v. Gonzales*, 494 F.3d 260, 263–65 (2d Cir. 2007).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).